**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Newark Vicinage**

| | |
|---|---|
| RAY ALLEN LUENSE, PAMELA PEARSON, DANIEL F. SETTNEK and NEIL ROSE, individually and as representatives of a class of participants and beneficiaries on behalf of the Konica Minolta 401(k) Plan,<br><br>Plaintiffs,<br><br>v.<br><br>KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., BOARD OF DIRECTORS OF KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., KONICA MINOLTA 401(K) PLAN COMMITTEE, SANDRA SOHL, SUSAN MCCARTHY, and JOHN DOES 1-30,<br><br>Defendants. | Civ. No. 2:20-cv-06827 (JMV-MF) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Ray Allen Luense, Pamela Pearson, Danielle F. Settnek, and Neil Rose ("Plaintiffs") submit this Notice of Supplemental Authority to direct the Court's attention to the October 30, 2020 Memorandum Opinion by the Hon. Mark A. Kearney, in *Boley v. Universal Health Services, Inc.*, No. 2:20-cv-02644-MAK, Dkt. 34 (E.D. Pa. Oct. 30, 2020) (attached hereto as Exhibit A).

The defendants in *Universal Health* moved for partial dismissal of ERISA breach of fiduciary duty claims under Fed. R. Civ. P. 12(b)(1), arguing that the plaintiffs "lack constitutional standing to pursue claims relating to alleged losses in discrete investments they never selected." Ex. A at 3. Like the instant case, the defendants relied on *Thole v. U. S. Bank N.A*, 140 S. Ct. 1615, 207 L. Ed. 2d 85 (2020), arguing that the named plaintiffs could not demonstrate injury with respect to funds in which they did not invest. *Id*. The *Universal Health* court rejected this argument. In particular, the court criticized the defendants' interpretation of *Thole* as "attempt to 'make standing law more complicated than it needs to be' by arguing ERISA plaintiffs are now required to demonstrate standing with respect to each of the funds in a plan, regardless of the claims the plaintiffs bring." *Id*. at 8.

The *Universal Health* court observed that participants "seeking relief under ERISA must demonstrate injury to one's own plan account to have Article III standing." *Id*. at 4. However, "[o]nce an ERISA plaintiff has alleged injury to her own account, she 'may seek relief under § 1132(a)(2) that sweeps beyond [her] own injury.'" *Id*. (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009)). The court noted that the Third Circuit rejected similar standing arguments in *Sweda v. Univ. of Pennsylvania*, 923 F.3d 320, 331-34 (3d Cir. 2019), where "plan participants alleged the fiduciaries breached their duties by, among other things, 'paying unreasonable investment fees, [and] including and retaining high-cost

investment options with historically poor performance compared to available alternatives….'" *Id*. at 5 (quoting *Sweda* 923 F.3d at 331). The *Sweda* court held that the plaintiffs had standing because they "demonstrated individual injury" by alleging that they invested in "one or more" of the underperforming options. *Id*. (quoting *Sweda* 923 F.3d at 344 n.10).

The court in *Universal Health* held that where the named plaintiffs allege an imprudent process that injured the plan, they have Article III standing to pursue claims concerning all imprudently selected and/or retained funds so long as they allege that their individual accounts were harmed by the imprudent process. *Id*. at 6. Applying this rule, the court found that the named plaintiffs had standing with respect to the Plan's inclusion of a "high-cost, actively managed suite of [thirteen] funds" as they invested "in at least one of these allegedly imprudent Fidelity Freedom target date funds." *Id*. at 7. They also had standing to bring plan-wide claims that the plan's fiduciaries had failed to properly monitor recordkeeping and administrative costs. *Id*. Finally, the named plaintiffs had standing to bring plan-wide claims that the fiduciaries lacked a prudent investment evaluation process, which forced "'all Plan participants[] to choose from an "expensive menu of investment options.'" *Id*.

Accordingly, the Court should deny Defendants' Motion to Dismiss.

3

| | |
|---|---|
| Dated: November 3, 2020 | By:   */s/Eric Lechtzin* <br> Eric Lechtzin (PA ID # 62096) <br> Marc H. Edelson (PA ID # 51834) <br> **EDELSON LECHTZIN LLP** <br> 3 Terry Drive, Suite 205 <br> Newtown, PA 18940 <br> Telephone: (215) 867-2399 <br> Facsimile: (267) 685-0676 <br> elechtzin@edelson-law.com <br> medelson@edelson-law.com <br> <br> Todd S. Collins <br> Abigail Gertner <br> BERGER MONTAGUE PC <br> 1818 Market Street, Suite 3600 <br> Philadelphia, PA 19103 <br> Telephone: (215) 875-3000 <br> Facsimile: (215) 875-4604 <br> tcollins@bm.net <br> agertner@bm.net |