**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Newark Vicinage**

| | |
|---|---|
| RAY ALLEN LUENSE, PAMELA PEARSON, DANIEL F. SETTNEK and NEIL ROSE, Individually and as representatives of a class of participants and beneficiaries on behalf of the Konica Minolta 401(k) Plan,<br><br>Plaintiffs,<br><br>v.<br><br>KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., BOARD OF DIRECTORS OF KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., KONICA MINOLTA 401(K) PLAN COMMITTEE, SANDRA SOHL, SUSAN MCCARTHY, and JOHN DOES 1-30,<br><br>Defendants. | CIV. NO.: 2:20-cv-06827 (JMV- MF) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL
AUTHORITY REGARDING DEFENDANTS' MOTION TO DISMISS**

In support of their Opposition to Defendants' Motion to Dismiss, Plaintiffs filed a Notice of Supplemental Authority, Dkt. No. 40, regarding a recent decision from the Eastern District of Pennsylvania, which held that plaintiffs therein had standing to pursue claims regarding investments in which they did not personally invest. *See Boley v. Universal Health Servs., Inc.*, No. CV 20-2644, 2020 WL 6381395 (E.D. Pa. Oct. 30, 2020). Defendants respectfully submit that the *Boley* decision, which is not binding on this Court, did not correctly interpret the key precedents cited in Plaintiffs' Notice of Supplemental Authority.

The court in *Boley* believed that the issue before it was controlled by the Third Circuit's decision in *Sweda v. University of Pennsylvania*, 923 F.3d 320 (3d Cir. 2019). *See Boley*, 2020

1

WL 6381395, at *4.[1]  In *Sweda*, the Third Circuit needed to devote only a single footnote to the issue of Article III standing because the complaint "contain[ed] facts that indicate that the named plaintiffs invested in the underperforming investment options."  *Sweda*, 923 F.3d at 334 n.10.  By contrast, in this case, Plaintiffs concede that they did not invest in most of the underperforming investment options.

The majority and dissenting opinions in *Sweda* had a disagreement over the pleading requirements to establish Article III standing.  The dissent believed that plaintiffs' allegations were conclusory because the "record contains no direct information" on the universe of investments plaintiffs selected and that it was not enough to merely "imply" that the plaintiffs selected the investments at issue.  *Sweda*, 923 F.3d at 345 (Roth, J., dissenting).  The majority opinion, by contrast, believed that "while the complaint does not identify plaintiffs' investment options . . . it does contain facts that indicate that the named plaintiffs invested in the underperforming investment options."  *Id.* at 334 n.10.  The question of how to address a complaint that is ambiguous as to whether plaintiffs invested in the challenged investments is not implicated here, where there is no ambiguity or confusion over which investments Plaintiffs were or were not invested in.  *See* Compl. ¶¶ 19-21.

The Eastern District of Pennsylvania also observed that the Supreme Court's decision in *Thole v. U. S. Bank N.A*, 140 S. Ct. 1615 (2020), involved a defined-benefit plan rather than, as at issue here and in *Boley*, a defined-contribution plan.  *Boley*, 2020 WL 6381395, at *6.  While the Supreme Court emphasized that this distinction was important to the specific facts of the case

---

[1] While Plaintiffs cited *Sweda* sixteen times on other issues in their Opposition to Defendants' Motion to Dismiss, Dkt. No. 35, they did not argue that *Sweda* resolved the issue of standing presented here.  *See id.* at 12-14.  Plaintiffs had it right the first time: *Sweda* does not support their position.

before it, *see Thole*, 140 S. Ct. at 1618, the Supreme Court's rule that "[t]here is no ERISA exception to Article III" and causes of action under 29 U.S.C. § 1132(a) "do[] not affect the Article III standing analysis" holds true irrespective of the type of plan at issue. *Id*. at 1620, 1622. *Thole* therefore demonstrates that Plaintiffs' theory – and the theory found in many of the cases relied on by both Plaintiffs and the Eastern District of Pennsylvania – is wrong insofar as it relies on 29 U.S.C. § 1132(a) to generate Article III standing. Because the Eastern District of Pennsylvania focused on distinguishing the facts from *Thole*, it did not specifically address its critical holding with respect to 29 U.S.C. § 1132(a). This omission is particularly significant, since, as Plaintiffs acknowledge, the Eastern District of Pennsylvania based its holding on 29 U.S.C. § 1132(a). *See* Dkt. No. 40 at 2. This Court should therefore conduct its own independent analysis of this issue. *See* Dkt. No. 38 at 1-2 (Defendants' reply brief setting forth this argument regarding 29 U.S.C. § 1132(a) in more detail).

Dated:   November 11, 2020                                       Respectfully submitted,

  */s/ Philip W. Crawford*                                           */s/ Lars C. Golumbic*

Philip W. Crawford                                               Lars C. Golumbic (admitted *pro hac vice*)
(Attorney ID #023431980)                                         Edward J. Meehan (admitted *pro hac vice*)
Daniel A. Dorfman                                                William J. Delany (Attorney ID # 049031994)
(Attorney ID #071562014)                                         Samuel I. Levin (admitted *pro hac vice*)
GIBBONS, P.C.                                                    Elizabeth L. Woods (admitted *pro hac vice*)
One Gateway Center                                               GROOM LAW GROUP, CHARTERED
Newark, NJ 07102-5310                                            1701 Pennsylvania Avenue, N.W.
Telephone: (973) 596-4803                                        Washington, DC 20006-5811
E-mail: pcrawford@gibbonslaw.com                                 Tel: (202) 857-0620
          ddorfman@gibbonslaw.com                                E-mail: lgolumbic@groom.com
                                                                           emeehan@groom.com
                                                                           wdelany@groom.com
                                                                           slevin@groom.com
                                                                           ewoods@groom.com