## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### Newark Vicinage

| | |
|---|---|
| RAY ALLEN LUENSE, PAMELA PEARSON, DANIEL F. SETTNEK and NEIL ROSE, individually and as representatives of a class of participants and beneficiaries on behalf of the Konica Minolta 401(k) Plan, | Civ. No. 2:20-cv-06827 (JMV-MF) |
| Plaintiffs, | |
| v. | |
| KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., BOARD OF DIRECTORS OF KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., KONICA MINOLTA 401(K) PLAN COMMITTEE, SANDRA SOHL, SUSAN MCCARTHY, and JOHN DOES 1-30, | |
| Defendants. | |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES

Plaintiffs Ray Allen Luense, Pamela Pearson, Danielle F. Settnek, and Neil Rose ("Plaintiffs") respectfully submit this Notice of Supplemental Authorities concerning two recent decisions in analogous ERISA matters: *Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20-cv-00654-FDW-DSC (ECF No. 25) (W.D.N.C. March 31, 2021) (attached hereto as Exhibit A), and *Davis v. Magna International of America, Inc.*, No. 2:20-cv-11060-NGE-RSW (ECF No. 28) (E.D. Mich. March 31,

2021) (attached hereto as Exhibit B). Both *Jones* and *Davis*, like this matter, allege breaches of fiduciary duty in violation of ERISA § 502, 29 U.S.C. §1132. The relevant rulings in these cases are discussed below.

In *Jones*, as here, the defendants argued that the named plaintiffs lack Article III standing with respect to funds in which they did not invest. The defendants relied upon *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020), for the proposition that the named plaintiffs must have an injury in fact such that they have "'a sufficiently concrete interest in the outcome of the issue in dispute.'" The court rejected this argument, noting that because *Thole* involved a defined benefit plan, "rather than a defined-contribution plan, they were guaranteed 'a fixed payment each month *regardless of the plan's value or its fiduciaries' good or bad investment decisions*.'" *Jones* at 6 (quoting *Thole* at 1616-17 (emphasis in orig.)). The *Jones* plaintiffs alleged injury to their 401(k) accounts from excessive recordkeeping costs and an unreasonably "expensive overall investment menu" that resulted from the defendants' breach of their fiduciary duties. *Id*. at 7. Accordingly, the plaintiffs properly alleged they suffered an injury-in-fact. *Id*.

The *Jones* court also denied the defendants' motion to dismiss the plaintiffs' claims for breach of fiduciary duties based upon allegations that are strikingly similar to this case: (1) selecting an overall investment menu that contained imprudently expensive funds; (2) selecting and maintaining service providers that

charged excessive fees for recordkeeping; and (3) including specific funds in the plan that were imprudent due to cost and underperformance. *Id*. at 8-9. The court cited *Kruger v. Novant Health, Inc.*, 131 F. Supp. 3d 470, 476-78 (M.D.N.C. 2015), in ruling that "Plaintiffs' factual allegations regarding Defendants' alleged failure to utilize cheaper investments that offer identical underlying investments sufficiently states a claim for breach of fiduciary duty." *Id*. at 9. Plaintiffs here also rely on *Kruger*—a case completely ignored by Defendants. Finally, the *Jones* court denied the motion to dismiss the claim that defendant Coca-Cola failed to adequately monitor the Administrative Committee "because the Court ha[d] already established that Plaintiffs ha[d] stated a claim for breach of fiduciary duty…." *Id*. at 10 (citing *In re MedStar ERISA Litig.*, CA No. RDB-20-1984, 2021 WL 391701 at *23 (D. Md. Feb. 4, 2021)).

In *Davis*, the plaintiffs alleged that the defendants breached the fiduciary duties they owed to the 401(k) plan by: "(1) failing to objectively and adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent, in terms of cost; and (2) maintaining certain funds in the Plan despite the availability of identical or similar investment options with lower costs and/or better performance histories as required by the Plan's investment policy." *Id*. at 3. As here, the *Davis* defendants challenged the plaintiffs' standing to sue with respect to certain funds in which they did not invest, arguing that they did not allege

an "injury in fact" that is "concrete and particularized." *Id*. at 6 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The court rejected this argument, stating: "It is well settled, . . . that suit under § 1132(a)(2) is 'brought in a representative capacity on behalf of the plan as a whole' and that remedies under § 1109 'protect the entire plan.'" *Id*. at 6-7 (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009)). Following *Braden*, the court in *Davis* held that the plaintiffs "satisfied the requirements of Article III because they allege actual injury to their own plan accounts … that is causally related to the conduct they challenge on behalf of the Plan." *Id*. at 9. Notably, the *Davis* court distinguished *In re UBS ERISA Litig.*, 2014 WL 4812387 (S.D.N.Y. Sept. 29, 2014), *aff'd sub nom. Tavernas v. UBS AG*, 612 F.App'x 27 (2d Cir. 2015), upon which Defendants rely here, on the basis that the plaintiff made no allegations that she had invested in the only fund at issue in the case – the UBS Company Stock Fund. Thus, she failed to allege any injury whatsoever. *Id*. at 7-8. The *Davis* court also distinguished *Thole*, as inapplicable to defined contribution plans. *Id*. at 9.

The *Davis* court also rejected defendants' arguments that the plaintiffs failed to state a plausible claim for breach of fiduciary duty because they allege nothing about the Investment Committee's process with respect to selecting investments or recordkeeping fees. *Id*. at 10. The court ruled that it was sufficient for the plaintiffs to "allege circumstantial facts supported by charts making benchmark comparisons,

4

and ask the Court to "reasonably infer" a breach has occurred…." *Id*. at 11 (citing *Pinnell v. Teva Pharmaceuticals USA, Inc.*, 2020 WL 1531870, at *1 (E.D. Pa. Mar. 31, 2020)).

Importantly, the *Davis* court rejected the notion that "that ERISA does not require fiduciaries to manage a plan toward any benchmark, including fees higher than median." *Id*. at 12. Rather, the court found allegations that the plan's investment options had remained "relatively unchanged since 2014" and were "were more expensive that comparable funds in similarly sized plans with over $1b in assets," sufficient to state a claim. *Id*. at 13. Moreover, the *Davis* court ruled that the defendants' challenges to "the merits of Plaintiffs' comparisons … premature in a motion to dismiss." *Id*. at 14 (citing *Miller v. AutoZone, Inc.*, 2020 WL 6479564, at *4 (W.D. Tenn. Sept. 18, 2020)).

The court also rejected the defendants' contention that selecting more expensive share classes of funds does not plausibly allege a fiduciary breach. Instead, the court held "Plaintiffs' allegations here, coupled with suggested comparisons, permit the Court to reasonably infer imprudence by the fiduciaries. *Id*. at 15-17.

With respect to allegations of excessive recordkeeping fees, the court rejected the defendants' arguments concerning possible justifications for the fees charged as well as their attacks on the plaintiffs' methodologies, stating: "at this stage Plaintiffs

need not allege why the fees were not justified by the services provided when considering the plan as a whole." *Id*. at 17-23. The court denied the defendants' motion with respect to claims for breach of the duty of loyalty, stating: "Defendants may not have acted singularly toward benefitting the Plan beneficiaries…." *Id*. at 23-24. The court also reject the defendants' motion to dismiss the plaintiffs' claims that Magna and its Board of Directors failed to adequately monitor the Investment Committee in violation of 29 U.S.C. 1109(a) and 1132(a)(2). *Id*. at 24.

For these reasons, Plaintiffs respectfully submit that opinions in *Jones* and *Davis* support the denial of Defendants' motion to dismiss in its entirety.

Dated: April 5, 2021                    Respectfully submitted,

                                        /s/Eric Lechtzin
                                        Eric Lechtzin
                                        EDELSON LECHTZIN LLP
                                        3 Terry Drive, Suite 205
                                        Newtown, PA 18940
                                        Telephone: (215) 867-2399
                                        elechtzin@edelson-law.com

                                        Todd S. Collins
                                        Abigail Gertner
                                        BERGER MONTAGUE PC
                                        1818 Market Street, Suite 3600
                                        Philadelphia, PA 19103
                                        Telephone: (215) 875-3000
                                        Facsimile: (215) 875-4604
                                        tcollins@bm.net
                                        agertner@bm.net

                                        *Counsel for Plaintiffs and the Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 5, 2021 a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.


By:   <u>/s/Eric Lechtzin   </u>
        Eric Lechtzin