**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Newark Vicinage**

| | |
|---|---|
| RAY ALLEN LUENSE, PAMELA PEARSON, DANIEL F. SETTNEK and NEIL ROSE, individually and as representatives of a class of participants and beneficiaries on behalf of the Konica Minolta 401(k) Plan,<br><br>Plaintiffs,<br><br>v.<br><br>KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., BOARD OF DIRECTORS OF KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., KONICA MINOLTA 401(K) PLAN COMMITTEE, SANDRA SOHL, SUSAN MCCARTHY, and JOHN DOES 1-30,<br><br>Defendants. | Civ. No. 2:20-cv-06827 (JMV-MF) |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES

Plaintiffs Ray Allen Luense, Pamela Pearson, Danielle F. Settnek, and Neil Rose ("Plaintiffs") respectfully submit this Notice of Supplemental Authorities concerning two recent decisions from this District in analogous ERISA matters: (1) *McGowan v. Barnabas Health, Inc.*, No. 20-13119 2021 WL 1399870 (D.N.J. April 13, 2021) (attached hereto as Exhibit A); and (2) *Peterson v. Insurance Serv. Office, Inc.*, No. 20-13223, 2021 WL 1382168 (D.N.J. April 13, 2021) (attached hereto as

Exhibit B). The plaintiffs in both of these cases advanced similar ERISA claims as the Plaintiffs here.

### A. Article III Standing

In their Memorandum of Law in Support of their Motion to Dismiss Complaint with Prejudice, Defendants argue Plaintiffs lack standing to challenge the funds in which they did not invest. *See* ECF No. 23-1 ("Defs. Mem.") at 24-25. With respect to the issue of standing, the *McGowan* court determined the plaintiffs could assert claims on the plan funds in which they did not invest, stating: "[c]ourts post-*Thole* have generally rejected the argument that a plaintiff's ERISA challenge must be confined to the individual funds in which he or she invested." *McGowan*, 2021 WL 1399870, at *4. Here, Defendants' challenge of Plaintiffs' standing to allege claims "with respect to 18 of the 25 investments challenged in the Complaint" because they did not invest in those funds," Defs. Mem. at 24, should similarly be denied.

### B. Breach of the Duty of Prudence

The court in *McGowan* determined the following allegations adequately stated a claim for breach of the duty of prudence under ERISA:

> The Complaint alleges that (1) expense ratios for some of funds were higher than those for comparable funds …, (2) lower-cost share classes were available for some of the funds …, (3) there were lower-cost alternative funds that also performed better over the long-term …, and (4) the Fiduciaries' recordkeeper charged other large plans less in recordkeeping fees ... These allegations that the Fiduciaries could have

2

> lowered costs are further made plausible by the allegations that the Plans are of such a size that they could be expected to wield considerable bargaining power.

*McGowan*, 2021 WL 1399870, at *5 (citations to complaint omitted). Here, Plaintiffs have alleged nearly identical facts. *See* Compl. ¶¶ 96-120, 127-41. The *McGowan* court assessed the adequacy of the allegations within the complaint as a whole and reasoned, "[t]he complaint should not be parsed piece by piece to determine whether each allegation, in isolation, is plausible." *McGowan*, 2021 WL 1399870, at *6 (quoting *Sweda v. Univ. of Penn*, 923 F.3d 320, 331 (3d Cir. 2019)).

Similarly, the court in *Peterson* determined plaintiffs alleged a plausible claim for breach of the duty of prudence by alleging that Defendants (1) "failed to investigate the availability of lower cost share classes and collective trusts—a cheaper investment alternative given the Plan's large size," (2) "failed to utilize the Plan's bargaining power to negotiate low-cost investment alternatives," and (3) "retained multiple actively managed funds under the Plan, despite their 'grossly excessive fees' in contrast to materially similar alternatives, including both actively and passively managed funds." *Peterson*, 2021 WL 1382168, at *3 (citations to complaint omitted). Like the plaintiffs in *Peterson*, here "Plaintiffs maintain that these investment alternatives would have been investigated by prudent fiduciaries and, as a result, investments with cheaper costs should have been selected." *Id*. As in *Peterson*, Plaintiffs' allegations should be upheld.

### C. Failure to Monitor or Control the Plan's Recordkeeping Expenses

With respect to Plaintiffs' claim that the defendants permitted the plan to pay excessive recordkeeping fees, the court in *Peterson* determined the plaintiffs sufficiently alleged a plausible breach of fiduciary duties claim with the assertion "that recordkeeping rates for large plans average about $35 per participant while the Plan's recordkeeping fees averaged over $89 per participant during the Class Period" with fees increasing each year. *Peterson*, 2021 WL 1382168, at *4. *See also McGowan*, 2021 WL 1399870, at *5, 7 (upholding recordkeeping fee claims based on allegations that the plan's recordkeeper charged other large plans less in recordkeeping fees, recordkeeping fees were paid through a revenue sharing approach, and defendant-fiduciaries failed to seek out lower-cost recordkeepers via requests for proposals). Here, Plaintiffs allege that Defendants failed to prudently manage recordkeeping costs, and allowed such expenses to increase from $22.89 per participant in 2015 to $92.54 per participant in 2018, which far exceeded the fees paid by other plans its size. *See* Compl. at ¶¶ 136-39.

### D. Failure to Monitor Other Fiduciaries

The court in *McGowan* upheld plaintiffs' failure to monitor claim, as "[c]ourts have been willing to find a failure to monitor claim if the plaintiff has adequately alleged a breach of fiduciary claim." *McGowan*, 2021 WL 1399870, at *8 (internal citation omitted). "The theory would be that, if a plan administrator continually

made poor investment decisions, an administrator discharging its duty to monitor should have noticed." *Id.*; *see also Peterson*, 2021 WL 1382168, at *6 (same). Here, Plaintiffs have plausibly alleged breach of fiduciary duty claims and their failure to monitor claim should be upheld.

For these reasons, Plaintiffs respectfully submit the opinions in *McGowan* and *Peterson* support the denial of Defendants' motion to dismiss in its entirety.

Dated: April 29, 2021              Respectfully submitted,

/s/Eric Lechtzin
Eric Lechtzin
**EDELSON LECHTZIN LLP**
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com

Todd S. Collins
Abigail Gertner
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
tcollins@bm.net
agertner@bm.net

*Counsel for Plaintiffs and
the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2021 a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By: <u>/s/Eric Lechtzin</u>
Eric Lechtzin