# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### Newark Vicinage

| | |
|---|---|
| RAY ALLEN LUENSE, PAMELA PEARSON, DANIEL F. SETTNEK and NEIL ROSE, individually and as representatives of a class of participants and beneficiaries on behalf of the Konica Minolta 401(k) Plan, <br><br> Plaintiffs, <br><br> v. <br><br> KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., BOARD OF DIRECTORS OF KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., KONICA MINOLTA 401(K) PLAN COMMITTEE, SANDRA SOHL, SUSAN MCCARTHY, and JOHN DOES 1-30, <br><br> Defendants. | CIV. NO.: 2:20-cv-06827 (JMV- MF) |

**Plaintiffs' Reply In Support Of Their Motion For Leave To File Supplemental Authority And Plaintiffs' Memorandum In Support Of Their <u>Motion For Leave To File Additional Supplemental Authority</u>**

In their opposition (the "Opposition"; ECF No. 47) to Plaintiffs' Motion for Leave to File Supplemental Authority ("Motion for Leave"; ECF No. 46), Defendants cite out of Circuit authority for the proposition that "'[a]t some point briefing and argument must end . . .", quoting from *United States v. Williams*, 136 F.3d 547, 554 (8th Cir. 1998) (Def. Opp. At 1). Defendants are correct on that score, of course. But the Court has not yet ruled on the pending motion to

dismiss, and Plaintiffs believe it appropriate to bring to the Court's attention new, probative case law, especially from this District Court.

In the Opposition, Defendants fail to note that they sought to brush aside Plaintiffs' previous notice of supplemental authorities on grounds that they were out-of-Circuit decisions. *See* ECF No. 45, at 1. (That, of course, makes it odd that, in the Opposition, they rely on out-of-Circuit decisions.) Here, on the Motion for Leave, Plaintiffs submitted two decisions from this District, both of which involve allegations that are very similar to the present case. In fact, the only distinction Defendants appeared to be able to draw in the Opposition is that there are no share class violations in the present case. While the briefing must end at some point, it is extremely important to call to this Court's attention these new decisions from this District denying such similar motions to dismiss ERISA breach of fiduciary duty complaints.

Which leads to Plaintiffs' Motion for Leave to File Additional Supplemental Authority ("Motion to File Additional Authority"). On May 4, 2021, Judge Wigenton of this Court denied defendants' motion to dismiss in yet another ERISA case bearing marked similarities to the present case, *In re Quest Diagnostics Incorporated ERISA Litig.*, C.A. No. 20-07936-SDW-LDW (D.N.J.) ("*Quest* Op."; attached at Exhibit 1 to Plaintiffs' Motion for Leave to Submit Additional Supplemental Authority). Rejecting an argument raised not just by defendants in *Quest* but also Defendants in the present case, the Court ruled that, "[g]iven the Consolidated Complaint's pleaded injury – the general mismanagement of the Plan . . . it would be inappropriate to determine standing based solely on the individual funds in which the Plaintiffs invested." *Quest* Op. at 5. Further, the Court found plaintiffs plausibly alleged that defendants breached their duties of making and monitoring plan investments where, as in the present case, "[t]he Complaint is replete with allegations that the Funds were significantly trailing their

respective benchmarks, participants were being further squeezed by higher-than-necessary expenses, and cheaper and better-performing alternatives were available to prudent fiduciaries." *Id.* at 6. As for allegations of excessive fees, recordkeeping costs, and failure to select the lowest cost funds, "if Defendants had the means to materially reduce management fees and monitor recordkeeping and share costs, but chose not to do so, this could potentially state a claim for relief." *Id.* at 8. In sum, as persuasive authority, *Quest* fits like a glove.

Dated: May 9, 2021                                    Respectfully submitted,

/s/Eric Lechtzin
Eric Lechtzin
**EDELSON LECHTZIN LLP**
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com

Todd S. Collins (admitted *pro hac vice*)
Abigail Gertner (NJ 019632003)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
tcollins@bm.net
agertner@bm.net

*Counsel for Plaintiffs and the Putative Class*